**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

SAFE SHIP MOVING SERVICES LLC,
a Florida Limited Liability Corporation,

Plaintiff,

v. Case No.:

DOMAINS BY PROXY, LLC, a foreign limited liability company; GODADDY.COM, LLC, a Delaware limited liability company; and CLOUDFLARE, INC., a Delaware corporation;

Defendants.
_____________________________________________/

## COMPLAINT FOR BILL OF PURE DISCOVERY

Plaintiff, SAFE SHIP MOVING SERVICES LLC, ("Plaintiff" or "SAFE SHIP") files this Complaint for a pure bill of discovery to obtain information from Defendants DOMAINS BY PROXY, LLC ("DOMAINS"), GODADDY.COM, LLC ("GODADDY"), and CLOUDFLARE, INC. ("CLOUDFLARE") (Collectively "Defendants") regarding information in solely their possession regarding defamatory statements concerning Plaintiff on a website hosted and/or registered by Defendants and states as follows:

## NATURE OF THE ACTION

Plaintiff brings this action as a pure bill of discovery seeking evidence that is solely in the possession of Defendants and cannot be obtained through any other means. Under Florida law, a pure bill of discovery should be granted if there is some reasonable basis to believe that discovery in a later damages action would be inadequate or too late to vindicate the litigant's right to evidence. *Lewis v. Weaver*, 969 So.2d 586, 587 (Fla. 4th DCA 2007); *see also First National Bank of Miami v. Dade-Broward Co.,* 125 Fla. 594, 171 So. 510, 510-11 (holding the pure bill allows a

plaintiff to obtain the disclosure of facts within the defendant's knowledge or writings or other things in its' custody, in aid of the prosecution or defense of an action that may soon commence.). A Pure Bill of Discovery also allows the putative plaintiffs to determine the identity of proper party defendant(s) and the appropriate legal theories for relief. *See Mendez v. Cochran*, 700 So.2d 46, 47 (Fla. 4th DCA 1997) (citing *to Sunbeam Television Corp. v. Columbia Broad. Sys.,* 694 F.Supp. 889, 892 (S.D. Fla. 1988)); see *also Adventist Health Sys.,/Sunbelt, Inc. v. Hegwood*, 569 So.2d 1295 (Fla. 5th DCA 1990).

Plaintiff is seeking to utilize this pure bill of discovery to obtain information and documentation regarding the third-party website https://trunk.lorea.ai/ ("Website") which upon information and belief is hosted and/or registered by Defendants, including but not limited to information regarding the registration, creation, administration, ownership, control, hosting, or use of the Website. Plaintiff has exhausted all reasonable methods of obtaining this information pre-suit, and at this time, the information necessary to name the proper parties is solely in the possession of Defendants and cannot be obtained through any other means.

**PARTIES, JURISDICTION, AND VENUE**

1. SAFE SHIP is a Florida Limited Liability Company with a principal place of business of 7789 NW Beacon Square Blvd. Suite 101 Boca Raton, Florida 33487.

2. DOMAINS is a Foreign Limited Liability Company which operates internationally, including within the State of Florida. DOMAINS operates, conducts, engages in and carries on a business venture within this State. Further, DOMAINS engages in substantial and not isolated activity within the State of Florida as it directly solicits, targets and markets to consumers within the State of Florida.

3. GODADDY is a Delaware Limited Liability Company and is a Foreign Limited

Liability Company in Florida with a registered agent located at 1201 Hays Street Tallahassee, Florida 32301-2525.

4. CLOUDFLARE is a Delaware Corporation and is a Foreign Limited Liability Company in Florida with a registered agent located at 1200 South Pine Island Road Plantation, Florida 33324.

5. This Court has subject matter jurisdiction over the claims asserted herein pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,001.00 exclusive of attorney fees and costs.

6. Based on the false and defamatory statements published on the Website, Plaintiff reasonably estimates that the potential damages associated with the underlying defamation claim exceed $75,001.00, exclusive of fees and costs, due to the resulting harm to Plaintiff's reputation, business relationships, goodwill, and economic interests across the United States.

7. Venue is proper in this district as Plaintiff continues to suffer damages within this district.

**BACKGROUND FACTS**

8. SAFE SHIP is engaged in the business of providing moving brokerage and related services to consumers in Florida and nationwide.

9. Recently, SAFE SHIP became aware of the Website specifically through an article posted to the Website containing statements concerning SAFE SHIP and their business operations that are false and defamatory to SAFE SHIP'S reputation.

10. The statements published on the Website are false and misleading, and Plaintiff has not authorized the publication or dissemination of the statements. Plaintiff further alleges that the statements have been published and made available to third parties through the internet and are

capable of causing substantial harm to Plaintiff's reputation, business relationships, goodwill, and economic interests.

11. Specifically, the Website contains numerous false and defamatory statements concerning Plaintiff and its employees, including, without limitation, false assertions that Plaintiff's employees engage in the use of illegal narcotics during the course of work and false accusations that Plaintiff has engaged in threatening, fraudulent, or otherwise unlawful conduct. These statements are categorically false and have caused substantial harm to Plaintiff's reputation, business, and goodwill.

12. SAFE SHIP has undertaken reasonable efforts to determine the identity of the person or entity responsible for creating, maintaining, controlling, or publishing the Website and the statements concerning Plaintiff without the need for court intervention.

13. Despite those efforts, Plaintiff has been unable to ascertain the identity, name, address, or contact information of the person or entity responsible for the Website and the publication of the statements at issue.

14. Upon information and belief, the Website is registered, hosted, administered or otherwise supported through services provided by one or more of the Defendants.

15. Defendants therefore are in possession of information concerning the registration, creation, administration, ownership, control, hosting, or use of the Website and associated accounts.

16. This information may include the identity and contact information of the registrant, administrator, owner, or other person or entity responsible for the Website; associated email addresses and telephone numbers; physical and mailing addresses; IP addresses; registration information; account-creation information; and payment or billing information.

17. Plaintiff has made reasonable efforts to identify the responsible person or entity through publicly available information and other reasonable manners. Those efforts have not revealed sufficient information to permit Plaintiff to ascertain the identity of the responsible party to properly name and serve them in an action arising from the defamatory statements.

18. As the aforementioned information is in the hands of the Defendants and is not publicly available, SAFE SHIP presently lacks the information necessary to identify the proper defendants in the contemplated underlying action.

19. As such, Plaintiff seeks targeted discovery for the limited purpose of identifying the person or entity responsible for the Website and the publication of the statements concerning Plaintiff.

20. Plaintiff accordingly brings this pure bill of discovery to obtain limited identifying information and documentation in Defendants' possession, custody, or control that is reasonably necessary to identify the proper parties responsible for the Website and the publications at issue.

## RELIEF SOUGHT

21. Plaintiff reasserts and realleges paragraphs 1-20 as if fully incorporated herein.

22. Plaintiff is requesting the ability to propound discovery in the form of Requests for Admissions, Requests for Production and Interrogatories to each of the Defendants.

23. Plaintiff is requesting the ability to send subpoenas to Defendants in an effort to determine the identity, name, address, or contact information of the person or entity responsible for the Website and the publication of the statements at issue.

24. Plaintiff is also seeking depositions and statements under oath from all applicable parties.

25. These requests are limited to the specific needs of the Plaintiff's potential claim and

limited in time and scope to the specific issue described herein.

26. Plaintiff is seeking to identify the relief available to it and from whom.

27. There is no prejudice to any parties in this Court allowing this limited and specific scope of discovery and is being made solely in the interest of justice.

WHEREFORE, Plaintiff respectfully requests this Honorable Court grant the requests herein and any other relief it deems just and proper.

October 15, 2026

Respectfully Submitted,

/s/Kelly Ann M. desRosiers
Kelly Ann M. desRosiers, Esq.
Fla. Bar No. 1017878
Kelly@Lomnitzerlaw.com
Lorri Lomnitzer, Esq.
Bar No. 37632
Lorri@Lomnitzerlaw.com
The Lomnitzer Law Firm, P.A.
7999 N Federal Hwy., Suite 202
Boca Raton, FL 33487
Litigation@LomnitzerLaw.com